HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESURANCE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LISA A. SMITH and GODWIN NDUGULLIE GABRIEL, AKA GOODWIN NDUGULILE AKA GABRIEL GODWIN, and ELIAS ABEBE,<br><br>Defendants. | NO. 2:17-cv-01588-RAJ<br><br>ORDER |

This matter comes before the Court on Defendants Elias Abebe's and Lisa A. Smith's Motions to Dismiss. Dkt. ## 7, 18. Plaintiff opposes both motions. Dkt. ## 12, 19. For the reasons that follow, the Court **DENIES** Defendants' motions.

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id*. Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice

ORDER - 1

but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may bring a factual challenge to subject-matter jurisdiction, and in such cases the court may consider materials beyond the complaint. *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

Defendants argue that the amount in controversy in this matter is capped at $50,000.00 because of an arbitration agreement. *See, e.g.*, Dkt. ## 7 at 2, 8 at 5. However, in the attached Statement of Arbitrability, Defendant Abebe represents that the "claim exceeds $50,000.00, exclusive of attorney fees, interest and cost, but for the purposes of arbitration only, waives any claim in excess of $50,000.00." Dkt. # 8 at 5. Indeed, outside of the arbitration setting, Defendant Abebe offered to settle the matter for $95,745.76.[1] Dkt. # 13-1 at 76. This is sufficient evidence for Plaintiff to meet its burden to show the amount in controversy exceeds $75,000.00 and therefore this matter

---

[1] Federal Rule of Evidence 408 does not bar Plaintiff from using the settlement offer to prove the jurisdictional amount. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.3 (9th Cir. 2002) ("We reject the argument that Fed.R.Evid. 408 prohibits the use of settlement offers in determining the amount in controversy.").

may remain in federal court under 28 U.S.C. § 1332.  Accordingly, the Court **DENIES** Defendants' motions to dismiss.  Dkt. ## 7, 18.

Dated this 13th day of June, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 3